NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| WALLACE HINNANT, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Petitioner, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 07-CV-1783 (DMC) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon *pro se* Petitioner Wallace Hinnant's ("Petitioner") petition to vacate, set aside or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255; and Petitioner's petition for *nunc pro tunc* judgement. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Petitioner's petition to vacate, set aside or correct Petitioner's sentence is **denied**; and Petitioner's petition for *nunc pro tunc* judgement is **denied**.

**I.    BACKGROUND**

      On April 19, 2006, Petitioner was sentenced to 207 months in prison after pleading guilty to attempted murder and assault with a dangerous weapon, both in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(3) and (5) ("Count I" and "Count II," respectively). Plaintiff also pleaded guilty to discharging a firearm in connection with a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) ("Count III"). The United States Court of Appeals for the Third Circuit dismissed Plaintiff's appeal because it was filed out of time. (Br. of Respondent

13).  On April 16, 2007, Petitioner filed the current petition.

Petitioner was a member of the "Sex, Money, Murder" unit within the "United Blood Nation" gang (the "Gang").  (Br. of Respondent 2).  On May 30, 2003, Petitioner and a co-member of the Gang agreed and proceeded to rob two individuals ("Victim 1," and "Victim 2," and collectively, "Victims").  See id.  Petitioner withdrew his firearm as he approached the Victims.  Petitioner shot Victim 1 as Victim 1 attempted to escape and Petitioner ordered Victim 2 to the ground and demanded that Victim 2 remove his clothes and shoes.  See id.  Petitioner then repeatedly struck Victim 2's head and face with a handgun.  See id.  Once Victim 2 complied by removing his clothes and shoes, Petitioner took Victims 2's paraphernalia and fled the scene.  See id.  Petitioner was promoted to third in command of the Gang as a result of the attacks.  See id.

The plea agreement explicitly sets out the statutory maximum penalties for each offense: (1) a violation of § 1959(a)(3) - assault with a dangerous weapon in aid of racketeering - carries a maximum penalty of twenty years in prison; (2) a violation of §1959(a)(5) - attempted murder in aid of racketeering - carries a maximum penalty of ten years in prison; and (3) a violation of §924(c)(1)(A)(iii) - discharging a firearm in connection with a crime of violence - carries a mandatory prison sentence of ten years and requires that the sentence not run concurrently with any other term of imprisonment imposed.  See 18 U.S.C. 924(c)(1)(D)(ii).  The Court imposed a sentence for Counts I and II at the bottom of the sentencing range of the United States Sentencing Guidelines ("Guidelines") with an eighty-seven-month prison term.  The Court ruled that Petitioner's sentence term for Count II would run concurrently with the term for Count I and Petitioner received a three-point reduction in the offense levels for these Counts for acceptance

of responsibility. (Br. of Respondent 11). For Count III, the Court imposed a ten-year sentence, as mandated by the statute, to run consecutively with Petitioner's other term. This calculus resulted in a total prison term of 207 months. (Br. of Respondent 11).

Petitioner waived his right to file an appeal or to pursue a collateral attack, writ or motion after sentencing, including a motion under 28 U.S.C. § 2255. (Br. of Respondent 7). During the plea hearing, the Court found that Petitioner entered into the plea agreement knowingly and voluntarily and that Petitioner waived his right to an indictment knowingly and voluntarily. (Br. of Respondent 8). Petitioner informed the Court that he discussed both waivers with his attorney, Ms. Liebesman and he understood the consequences of both waivers. (Br. of Respondent). Also, during the hearing, Petitioner admitted to the underlying conduct of his offenses – that Petitioner was a member of the Gang; that Petitioner attempted to rob and did shoot Victim 1; and that Petitioner robbed and beat Victim 2 on the head with a handgun. (Br. of Respondent 9).

Petitioner makes several arguments: (1) Petitioner received ineffective assistance of counsel because (1) counsel failed to file a timely notice of appeal upon Petitioner's request; (2) counsel allowed Petitioner to plead guilty to charges to which Petitioner maintains he was not guilty; and (3) counsel allowed Petitioner to "plead[] . . . out to a complaint [sic], rather than allowing the Grand Jury to hear the case; . . . Petitioner's plea was involuntary and unintelligent; and . . . Petitioner was not sentenced in accordance with the § 3553(a) factors. Plaintiff also argues that counsel was ineffective because she promised Plaintiff a three-point reduction in his offense level and Plaintiff maintains he only received a two-point reduction and because she failed to object to the "unconstitutional [sentence] enhancements." (Br. of Respondent 14).

3

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, prisoners within federal custody may seek remedy by attacking the constitutionality of their sentence:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
> (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgement was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render judgement vulnerable to collateral attack, the court shall vacate and set judgement aside and shall discharge the prisoner or resentence him or grant a new trail or correct the sentence as may appear appropriate.

## III. DISCUSSION

### A. Petitioner's Waiver of Appeal or Collateral Attack is Enforceable

The United States of America ("Respondent") argues that Petitioner waived his right to either appeal or collaterally attack the sentence imposed by the District Court. Petitioner maintains, however, that he entered into the plea unknowingly and involuntarily because (1) the District Court failed to consider the § 3553(a) factors; (2) the upward adjustments violated the Supreme Court of the United States's decisions in Booker and Shepard; and (3) Petitioner did not receive a three-point reduction for acceptance of

responsibility. The plea agreement states, in part:

> [Petitioner] knows that he has, and voluntarily waives, the right to file any appeal, and collateral attack, or any other writ or motion, including but not limited to . . . a motion under 28 U.S.C. §2255, which (a) challenges the sentencing court's authority to sentence under the Sentencing Guidelines in accordance with the stipulations above; (b) claims that the facts pursuant to these stipulations must be charged in an indictment, submitted to a jury, or proven beyond a reasonable doubt, or (c) challenges the sentencing court's determination or imposition of the offense level if the total offense level determined by the court is equal to or less than set forth.

Additionally, Petitioner requests an evidentiary hearing to address this matter.

The United States Court of Appeals for the Third Circuit upholds waivers of appeal and collateral attack entered into knowingly and voluntarily unless doing so results in a miscarriage of justice. See United States v. Shedrick, 493 F.3d 292, 298 (3d Cir. 2007). In considering whether a miscarriage of justice would result from enforcing a waiver, a court should look to these factors: (1) the clarity of the error; (2) the gravity of the error; (3) the character of the error (*e.g.*, whether it concerns a fact issue, a sentencing guideline or a statutory maximum); (4) the impact of the error on the defendant; (5) the impact of correcting the error on the government; and (6) the extent to which the defendant acquiesced in the result. See United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005). In Shedrick, the Court found that a miscarriage of justice results if a collateral attack waiver is enforced when ineffective counsel prevented the petitioner from understanding his or her plea or prevented Petitioner from timely filing an appeal of an upward departure. See id. In Shedrick, the waiver of appeal did not preclude petitioner from appealing upward departures and the petitioner vehemently objected to the departures during the hearing. See id.

1.     Petitioner's Sentence is Reasonable

Petitioner offers no support for the allegation that he entered into the plea unknowingly and involuntarily.  First, Petitioner argues that, because the sentencing court did not consider the § 3553(a) factors, the sentence is unreasonable and, therefore, Petitioner's plea was unknowing.  The discretionary power a sentencing court utilizes during sentencing, however, has no bearing on whether the plea itself was entered into knowingly and voluntarily.  Even so, Petitioner's argument concerning the reasonableness of his sentence is unavailing.

Sentencing courts are required to follow a three-step process when imposing a sentence: (1) courts must calculate the sentence range the same way a sentence range was calculated prior to Booker, which rendered the Guidelines advisory; (2) courts must formally rule on both parties' motions and state on the record whether a departure is granted and, if so, how that departure affects the Guidelines' calculation; and (3) courts must give meaningful consideration to the 18 U.S.C. §3553(a) factors when imposing a sentence, even if it results in a sentence that varies from the range calculated under the Guidelines.  See United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).  A court is not required to make a finding regarding each §3553(a) factor, however, a rote statement of the §3553(a) factors is inadequate if "either the defendant or prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it."  United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006).

Petitioner argues that the Court failed to satisfy the third prong of the three-step process but, in making this argument, Petitioner has the burden to overcome the great deference afforded to sentencing judges by demonstrating that Petitioner's sentence is unreasonable, which Petitioner failed to demonstrate.  See id. at 330, 332.  The Court adequately considered the §3553(a) factors when imposing Petitioner's sentence by considering Petitioner's hardship during his childhood, the nature and circumstance of the offense, Petitioner's criminal history and deterrence and rehabilitation considerations. The Court emphasized Petitioner's criminal history and the seriousness of his current offenses but nonetheless imposed a sentence at the lower end of the Guidelines range.  Petitioner argues that co-defendants with more extensive criminal background than Petitioner received lower sentence terms.  Defendants cannot rely upon §3553(a)(6) for a reduction in sentence because of a sentencing disparity among co-defendants.  See United States v. Parker, 462 F.3d 273, 277 (3d Cir. 2006).  Even so, while the Guidelines seek sentencing parity among similarly-situated defendants, the burden is on the defendant to demonstrate that a similarly-situated defendant's circumstance "exactly parallel[s]" the defendant's. See United States v. Vargas, 477 F.3d 94, 100 (3d Cir. 2007) (quoting United States v. Charles, 467 F.3d 828, 833 n.7 (3d Cir. 2006)).  Petitioner has made no attempt to make such a showing.

2.  Petitioner's Sentence Does Not Violate Either Booker or Shepard

Petitioner's argument that the upward adjustments imposed on his sentence term should have been determined by a jury is foreclosed by the jurisprudence both of the Supreme Court of the United States and the Unites States Court of Appeals for the Third Circuit. See Booker, 543 U.S. at 233. The statutory maximum sentence for an offense is prescribed by the statute under which the offense is charged. Petitioner maintains that his sentence was enhanced beyond the maximum sentence authorized by a jury verdict and, therefore, the sentence violates Booker. Petitioner, however, fails to recognize that the second opinion in Booker renders the Guidelines advisory. Therefore, for purposes of sentencing, the statutory maximum in Petitioner's case is the maximum prison term prescribed by the statutes under which Petitioner pleaded guilty. Those sentence maximums were clearly reflected in the plea agreement and articulated at the plea colloquy. Petitioner received a sentence below the statutory maximum for the offenses to which he pleaded guilty.

Finally, Petitioner's argument that Shepard precludes a sentencing court from looking to a defendant's underlying conduct for a conviction for sentencing purposes is misconceived. Under Shepard, in the plea context, a court may look to the charging document, the terms of the plea agreement or the plea colloquy transcript, in which the defendant has confirmed the factual basis of the offense, in order to determine the underlying facts of a conviction. See Shepard, 544 U.S. at 26. Here, Petitioner confirmed to the Court during the plea colloquy, that he was a member of the Gang, that he attempted to rob and shoot Victim 1 and that he robbed and repeatedly beat Victim 2 on the head and

face with a handgun. Therefore, the upward adjustments applied to Petitioner's offense level were proper.

Petitioner's allegation that counsel failed to object to proposed sentence enhancements is belied by the transcript. Counsel specifically objected to proposed enhancements for Petitioner's leadership role in the attacks and the Court ruled in Petitioner's favor.

### 3. Petitioner Received a Three-Point Reduction for Acceptance of Responsibility for Counts I and II

Second, Petitioner claims that counsel was ineffective because counsel failed to keep her promise that a three-point reduction for acceptance of responsibility would apply and Petitioner only received a two-point reduction. Petitioner maintains that this resulted in his unknowing acceptance of the plea. Petitioner's claim is without merit even if the claim did bear on whether Petitioner entered into the plea knowingly and voluntarily. The base offense level for Count I, attempted murder, is 28 with an enhancement of two levels in this case because the victim sustained serious bodily injury. This results in a total offense level of 30. See U.S.S.G. §2A2.1(a) and (b)(1)(B). Petitioner was sentenced for this charge at an offense level of 27 because a three-point reduction was imposed for acceptance of responsibility. See U.S.S.G. §3E1.1. The base offense level for Count II, aggravated assault, is 14 with an enhancement of seven levels in this case because a dangerous weapon was used in connection with the assault and the victim sustained

serious bodily injury. See U.S.S.G. §2A2.2(a) and (b).[1] This resulted in a total offense level of 21. Petitioner was sentenced for this charge at offense level 18 because a three-point reduction was imposed for acceptance of responsibility. Petitioner received the benefit of the total three-point reduction for acceptance of responsibility for each offense.

    4.    <u>Petitioner Knowingly and Voluntarily Pleaded Guilty</u>

Nothing in the record indicates that Petitioner entered into the plea agreement unknowingly and involuntarily. Instead, the signed plea agreement that Petitioner read and understood the agreement fully. Petitioner completed and signed a Fed. R. Crim. P. 11 form that stated, *inter alia*, that Petitioner discussed the guilty plea with counsel and was satisfied with counsel's representation; that Petitioner read and understood the plea agreement; that Petitioner was aware of the rights relinquished, including the right to a trial by jury; and that Petitioner was aware of the maximum penalties attached to the charges. Petitioner confirmed to the Court that he understood the terms of the agreement, the Fed. R. Crim. P. 11 form and that he discussed the waiver of appeal with counsel. Petitioner's claim that he should not have pleaded guilty because he was "not totally guilty" of the crimes charged contradicts Petitioner's own admissions. Not only did Petitioner admit to the offenses charged when Petitioner signed the plea agreement, but Petitioner also admitted to the underlying conduct of the charged offenses when Petitioner went before the Court. Petitioner made complete admissions of guilt both orally and in

---

[1] Respondent's brief represents the base offense level as 15 and the enhancement for serious bodily injury as a two level increase. Pursuant to §2A2.2(a), the base offense level for aggravated assault is 14 and pursuant to §2A2.2(b)(3)(A), the enhancement level for serious bodily injury is a three level increase. The difference does not effect the total calculation, however, of the offense level, which is 21 before a point-reduction is applied for acceptance of responsibility.

writing. Even now, Petitioner does not claim innocence; he merely alleges that he is "not totally guilty" and provides nothing further to support this argument.

Finally, Petitioner argues that counsel did not explain to Petitioner the difference between pleading guilty to an Information and pleading guilty to an Indictment. Petitioner completed and signed a Waiver of Indictment form that stated that Petitioner was "advised of the nature of the charges, the proposed Information, and of [his] rights." Petitioner confirmed to the Court that he understood his rights and that he was forfeiting the right to have his case presented to a grand jury.

In consideration of the factors laid out in Wilson, Petitioner fails to assert any error by counsel or the District Court that would warrant further analysis into Petitioner's claim that he entered into the plea unknowingly and involuntarily. Therefore, the waiver of appeal and collateral attack is enforceable.

    B.    <u>Counsel did not Prejudice Petitioner by Failing to File a Timely Notice of Appeal</u>

Petitioner maintains that counsel was ineffective in failing to file a timely appeal after Plaintiff asked counsel to do so. Under the Strickland test for ineffectiveness assistance of counsel, petitioner must demonstrate that (1) counsel seriously erred in his or her performance; and (2) a prejudice amounting to the deprivation of a fair and reliable trial resulted from the deficient performance. See Strickland, 466 U.S. at 687. In order to establish prejudice under the second prong of this test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See id. at 694. A petitioner must overcome the strong presumption that counsel's conduct "falls within the wide range of reasonable

professional assistance." See id. at 689.

In the current case, Petitioner fails to satisfy the burden under the Strickland test. Petitioner supports his ineffective assistance of counsel claim with the allegations that counsel refused to take phone calls and any other communication from Petitioner since the sentencing and that counsel did not provide Petitioner with sufficient information regarding his right to appeal, so that his acquiescence to the waiver was not intelligent or knowing. According to Petitioner, this resulted in a prejudice because counsel's deficient performance caused the seventeen-year sentence to remain in effect. Petitioner, however, effectively waived his right to appeal the sentence. Even if counsel had refused Petitioner's request to file, no prejudice would have resulted because Petitioner's waiver precluded him from filing an appeal anyway. Petitioner's only avenue is to assert that the waiver is unenforceable.

Even if Petitioner was not precluded from filing an appeal, counsel testified that Petitioner never requested that she file a notice of appeal and that it is her practice to file an appeal upon a client's request, even if counsel believes the appeal has no merit. Petitioner relies merely on his own allegations which are belied by the sentencing transcript and, thus, has failed to demonstrate that counsel was ineffective such that Petitioner was deprived of a fair and reliable trial.

    C.    Petitioner's Request for an Evidentiary Hearing Pursuant to § 2255 is Denied

Petitioner requests an evidentiary hearing to present his arguments. Pursuant to § 2255, a court must grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." See 28 U.S.C.

§2255(b). In <u>Nembhard v. United States</u>, the United States Court of Appeals for the Third Circuit held that, since the district court could not and did not identify anything in the record that contradicted the defendant's claim that he requested his counsel to file an appeal, the district court abused its discretion in failing to grant an evidentiary hearing pursuant to § 2255. <u>See</u> 56 Fed. Appx. 73, 76 (3d Cir. 2002). District courts have, therefore, denied evidentiary hearings when claims alleging ineffectiveness of counsel are conclusory and unsupported. <u>See</u> <u>United States v. Rodriguez</u>, Civil Action No. 04-0080, 2007. Here, counsel directly contradicts Petitioner's claim that he requested counsel to file an appeal. Furthermore, Petitioner waived any right to appeal when he entered into the plea agreement. Since Petitioner has failed to demonstrate that enforcing the waiver provision of the plea agreement would result in a miscarriage of justice, an evidentiary hearing regarding whether counsel failed to file an appeal is surplusage.

    D.    <u>Petitioner's Motion for a *Nunc Pro Tunc* Judgment and Commitment Order or for Judicial Recommendation is Denied</u>

Petitioner moves pursuant to 18 U.S.C. § 3585(b), for this Court's issuance of an order or recommendation crediting Petitioner with nineteen months of time served in prison towards his total prison term. Petitioner maintains that, because he was arrested on April 13, 2004 and was detained until April 19, 2006, the day of Petitioner's sentencing, Petitioner should be credited with the total time of twenty-four months in detention. Petitioner was credited with five months of detention towards his ultimate prison term. Respondent argues that, even if this Court were to construe Petitioner's motion as one properly brought under 28 U.S.C. § 2241, instead of under § 2255, the motion should still

13

be denied because Petitioner failed to exhaust administrative remedies through the Bureau of Prisons. The Third Circuit held that a Petitioner must exhaust administrative remedies before bringing a claim under § 2241. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); see also United States v. D'Ambrosia, 75 Fed. Appx. 82, 83 (3d Cir. 2003). Accordingly, Petitioner's motion is denied for lack of exhaustion of remedy.

Petitioner's contention that the seventeen year sentence imposed is too harsh and, therefore, unreasonable is not enough to overcome the great deference afforded to sentencing judges, as well as Petitioner's burden to demonstrate that his sentence is unreasonable. Indeed, the sentencing judge imposed concurrent sentences for Counts I and II, ruled in favor of Petitioner in denying certain upward adjustments and gave meaningful consideration to the § 3553(a) factors. Further, Petitioner failed to demonstrate that counsel's performance was ineffective and that Petitioner was prejudiced by such performance. Therefore, Petitioner's waiver of appeal and collateral attack is enforceable and Petitioner's claim that counsel failed to timely file an appeal is without merit.

## IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Petitioner's petition to vacate, set aside or correct his sentence is **denied**; and Petitioner's petition for *nunc pro tunc* judgement is **denied**.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        July   7  , 2008
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File

14